**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Greenhouse Irrevotrust
Ucconethreeoeight

v. Civil No. 25-cv-13050-SE

Judith A. Carroll, et al.

**O R D E R**

Self-represented plaintiff Greenhouse Irrevotrust Ucconethreeoeight brings claims that arise from a separate suit in this district, Frederick Connie v. City of Cambridge, et al., 25-cv-12075 (D. Mass. July 24, 2025) ("Cambridge Case").[1] He sues certain defendants from the Cambridge Case, counsel who represented the defendants in that case, and the judge who presided in that case. The defendants move to dismiss (doc. nos. 16 and 36), and the plaintiff moves for judgment on the pleadings (doc. no. 23).[2]

## Background

The plaintiff's claims arise out of the defendants' alleged conduct during the course of the Cambridge Case. In that case, the plaintiff brought several claims against the City of Cambridge, Cambridge police officers, an Emergency Medical Service provider, paramedics,

---

[1] The plaintiff proceeded as Frederick Connie in the Cambridge Case. In another case that he instituted in this district, the plaintiff filed a copy of an order of name change from the State of Illinois, changing his name from Frederick Angelo Connie to Greenhouse Irrevotrust Ucconethreeoeight. See Greenhouse Irrevotrust Ucconethreeoeight v. Foley, No. 25-cv-13750 (D. Mass. Dec. 8, 2025), dkt. no. 1-2.

[2] As discussed below, Allison Burroughs, United States District Judge for the District of Massachusetts, did not move to dismiss.

and the Cambridge Health Alliance, alleging that the defendants conspired to detain him unlawfully and interfere with his parental rights. Cambridge Case, dkt. no. 1. In a supplemental document, the plaintiff also named as a defendant the Cambridge City Manager, Yi-An Huang. Id., dkt. no. 1-1. The plaintiff subsequently filed an amended complaint, in which he named as defendants only the City of Cambridge and the Cambridge Health Alliance. Id., dkt. no. 28. Attorney Franziskus Lepionka represented the City of Cambridge and Attorney Timothy Vaughan Malley of Capplis, Connors, Carroll & Ennis, P.C. (Capplis P.C.) represented Cambridge Health Alliance.

The plaintiff moved for default judgment and for summary judgment on liability. Id., dkt. no. 35. The presiding judge in the case, Judge Burroughs, denied the motion because default had not been entered against the defendants, she had allowed the defendants additional time to respond to the amended complaint, and the plaintiff had not shown that he was entitled to judgment under the summary judgment standard. Id., dkt. no. 37. The plaintiff again moved for default judgment and summary judgment on liability and opposed the additional time afforded defendants to respond to the amended complaint. Id., dkt. no. 43. Judge Burroughs denied the motion, again stating that a motion for default judgment or summary judgment was premature. Id., dkt. no. 45. The defendants moved to dismiss the claims in the amended complaint, and the court allowed the late filing of one of the motions, which was late by two hours. Id., dkt. nos. 40, 52, & 55.

The plaintiff filed this case on October 17, 2025. Then, he moved for Judge Burroughs's recusal from the Cambridge Case, citing in support of her recusal her status as a defendant in this case. Id., dkt. no. 50. Judge Burroughs denied the motion to recuse. Id., dkt. no. 61.

In response, the plaintiff filed an 89-page petition for a writ of mandamus in the First Circuit Court of Appeals. Connie v. City of Cambridge, 25-2064. He sought an order from the Court of Appeals vacating Judge Burroughs's order denying the plaintiff's motion to recuse in the Cambridge Case, requiring Judge Burroughs to recuse, remanding the case to a different district court, and requiring the new judge to enter default judgment immediately against the defendants. Id., Petition at 2.

On January 5, 2026, the plaintiff filed a notice in the Cambridge Case asserting that default judgment had been entered and stating that he "decline[d] to participate in the 're-opened' litigation," that he was "no longer a 'litigant' in this venue," and that "[t]his case was closed as a matter of law." Cambridge Case, dkt. no. 73. In response, Judge Burroughs issued an order that construed the filing as a voluntary dismissal but gave the plaintiff until January 20, 2026, to notify the court if he intended to continue litigating in that action. Id., dkt. no. 74. The plaintiff did not file a response to that order.[3] On January 27, 2026, Judge Burroughs concluded that the plaintiff did not intend to continue litigating that action and dismissed the case without prejudice. Id., dkt. no. 77. The plaintiff did not appeal the dismissal and the First Circuit subsequently dismissed the mandamus petition as moot. Cambridge Case, dkt. no. 82.

In this case, the plaintiff brings five claims against individuals and entities involved in the Cambridge Case: "Violation of equal benefit of laws" under 42 U.S.C. § 1981 (Count I); "Civil rights conspiracy to obstruct justice" under 42 U.S.C.§§ 1985(2) and (3) (Count II); "Action for neglect to prevent" under 42 U.S.C. § 1986 (Count III); "Violation of due process and abuse of

[3] The plaintiff did file a document to give "Notice of Finality and Election of Remedy," in which he stated that he had a "Vested judgment for sum certain ($48,000,000.00)" and gave notice of the "closure of judicial proceedings." Id., dkt. no. 80 at 1. He notified the defendants and the court that he "terminates all further litigation in this venue." Id. at 2.

process" under the Fourteenth Amendment and Massachusetts state law (Count IV); and "Civil coercion and litigation abuse" under 42 U.S.C. § 1985(2) and Massachusetts state law (Count V). He seeks monetary damage and injunctive relief.

The plaintiff brings his claims against seven defendants. For ease of reference in light of the procedural posture of the case discussed below, the defendants can be broken down as follows: 1) Capplis P.C., Attorney Malley and Attorney Judith Carroll from Capplis P.C., and their client, Cambridge Health Alliance (together referred to as the CCCE Defendants); (2) Yi-An Huang and Attorney Lepionka (together referred to as the Cambridge Defendants); and 3) Judge Burroughs.

The plaintiff's claims are based on his allegations that the defendants took the following actions in the Cambridge Case:

1) On the day the plaintiff filed his complaint, July 24, 2025, the court issued the following notice: "ELECTRONIC NOTICE of Case Assignment. Judge Allison D. Burroughs assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal." Cambridge Case, dkt. no. 2. The plaintiff alleges that despite this notice, Judge Burroughs did not refer any matters to the magistrate judge in order "to suppress discovery, block the neutral assessment of facts, and accelerate the predetermined dismissal of the Plaintiff's civil rights action." Doc. no. 1 at 4.

2) On August 11, 2025, Attorney Lepionka filed a motion to extend the time to respond to the complaint. Cambridge Case, dkt. no. 6. Judge Burroughs granted the motion. Id., dkt. no. 7. The plaintiff alleges that the motion was an act of "judicial deception." Doc.

no. 1 at 4. He also alleges that Judge Burroughs's order granting the motion was part of a conspiracy to obstruct justice and was incorrect because it did not address the factors provided in Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1990). Id.

3) On October 7, 2025, Attorney Malley sent an email to the plaintiff in response to the plaintiff's motion for default judgment filed that same day.[4] Attorney Malley's email states: "We sought and received an extension to respond to your Complaint on October 2, 2025. Our response is due on October 14, 2025. We would appreciate you withdrawing the Motion for Entry of Default, otherwise we will file a Motion to Strike alongside our response." Doc. no. 1-1 at 3. The plaintiff alleges that this email represents "an act of willful litigation coercion" because the threatened motion to strike was "frivolous." Doc. no. 1 at 5.

4) On October 15, 2025, Judge Burroughs issued an electronic order denying the plaintiff's motion for default judgment and summary judgment, which stated that the defendants "timely filed their response" to the amended complaint. Cambridge Case, dkt. no. 45. The plaintiff alleges that Judge Burroughs's order "perpetuated a factual misrepresentation" that "finalized the conspiracy to obstruct justice." Id. at 4.

[4] The complaint alleges that Attorney Malley sent his email on or about October 2, 2025. Doc. no. 1 at 5. The plaintiff attached a copy of Attorney Malley's email to his complaint and it is dated October 7, 2025. Doc. no. 1-1 at 3.

## Discussion

The plaintiff moves for judgment on the pleadings as to all claims. The defendants object and separately move to dismiss.

## I. The Plaintiff's Motion For Judgment On The Pleadings

The plaintiff moves for judgment in his favor on the ground that the "Defendants have failed to file a timely Answer to the Complaint, resulting in the mandatory **Entry of Default** (FRCP 55(a))." Doc. no. 23 at 1. The plaintiff contends that, based on the alleged default, the defendants have admitted facts that establish the elements of his claims, and he is entitled to judgment as a matter of law. The plaintiff is incorrect.[5]

### A. Judge Burroughs

Judge Burroughs did not respond to the complaint. However, Judge Burroughs has not defaulted because the plaintiff failed to complete service. Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(a). The plaintiff must prove service by affidavit except when service is completed by a United States Marshal or a deputy marshal. Fed. R. Civ. P. 4(l)(1).

[5] The plaintiff moved to strike the CCCE Defendants' objection to his motion for judgment on the pleadings and to "compel answers or entry of default." Doc. no. 28 at 1. He provides no grounds to strike the objection or for any other relief sought in that filing, and his motion is denied.

The plaintiff filed the complaint in this case on October 17, 2025. Doc. no. 1. More than 90 days have passed since that date. He has not filed proof of service or a notice of waiver with regard to Judge Burroughs. Therefore, Judge Burroughs is under no obligation to respond to the plaintiff's complaint and she is not in default. See Fed. R. Civ. P. 12(a); Fed. R. Civ. P. 55(a).

B. Remaining Defendants

The plaintiff's motion is premised on the theory that the defendants have defaulted because they have not yet filed answers. He is mistaken. Default occurs only when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The defendants filed motions challenging the complaint under Rule 12(b) before their deadline to respond to the complaint. Doc. nos. 16 & 36. The motions tolled the defendants' obligation to answer the complaint. See Fed. R. Civ. P. 12(a)(4) (requiring answer "within 14 days after" order denying motion to dismiss); Beltran-Silvagnoli v. City of Revere, No. 25-cv-10844, 2025 WL 3878895, at *4 (D. Mass. Nov. 25, 2025). Therefore, no defendant is in default, and the plaintiff's motion for judgment on the pleadings is denied.

II. The Defendants' Motions To Dismiss

The CCCE Defendants (doc. no. 16) and the Cambridge Defendants (doc. no. 36) separately move to dismiss the claims against them. Both motions argue that all claims are meritless and frivolous. The plaintiff filed objections to both motions, but neither filing addresses any of the defendants' arguments. The plaintiff's objection to the CCCE Defendants' motion to dismiss is simply a refiling of his complaint with a statement at the top: "Memorandum of laws and civil complaint against MTD and to challenge subject matter jurisdiction." Doc. no. 22. His

objection to the Cambridge Defendants' motion "moves this Honorable Court for an Order immediately DENYING the Defendants' contemptuous Motion to Dismiss" and seeks an entry of default against the defendants. Doc. no. 38 at 1.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands that a party do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013). To test a complaint's sufficiency, the court must employ a two-step approach. First, it must identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as true all nonconclusory factual allegations and the reasonable inferences drawn from those allegations. See id. Only then can the court determine whether the "combined allegations, taken as true, . . . state a plausible, not a merely conceivable, case for relief." Id. (quotation omitted).

The CCCE Defendants and the Cambridge Defendants are entitled to dismissal of all claims. The plaintiff alleges that the defendants conspired to deny him his rights because of his race in violation of 42 U.S.C. § 1981 (Count I), conspired to obstruct justice in violation of 42 U.S.C. § 1985(2) and § 1985(3) (Count II), failed to prevent a conspiracy to violate his civil rights actionable under 42 U.S.C. § 1986 (Count III), violated his right to due process and

engaged in abuse of process (Count IV), and engaged in civil coercion and litigation abuse actionable under § 1985(2) and as a state tort (Count V). He offers no non-conclusory allegations to support any of those claims, such as any allegation that could support the reasonable inference that any of the defendants' alleged conduct impaired a contractual relationship (Count I), the defendants engaged in a conspiracy or otherwise acted unlawfully during the Cambridge Case (Counts II and III), the CCCE Defendants are state actors (Count IV) or filed any pleading or gave him an opportunity to withdraw his frivolous motion for any improper purpose (Count V). Rather, even when viewed in the light most favorable to the plaintiff, the complaint alleges garden-variety judicial orders and typical motions or communications from opposing counsel. The plaintiff has alleged no improper conduct by any of the CCCE Defendants or the Cambridge Defendants and they are entitled to dismissal of all claims.

The plaintiff's claims in this case are the result of his misunderstanding of the application of the Federal Rules of Civil Procedure in the Cambridge Case, and his refusal thereafter to accept the clear explanations provided in response to his repetitive filings. To the extent that the plaintiff disagreed with decisions or rulings in the Cambridge Case, his remedy was to complete litigation in that action and, if appropriate and necessary, file an appeal. See In re Tamisi, No. 20-cv-40388, 2025 WL 1400180, at *5 (E.D.N.Y. May 14, 2025) ("Where a litigant is convinced that an error was made, the remedy is to appeal or to seek reconsideration or amendment of the ruling." (quotations omitted)); Walker v. Walker, No. 23-cv-489, 2023 WL 4409202, at *2 (W.D. Mich. May 17, 2023); Macdonald v. Strafford County Sup. Court, No. 18-cv-1100, 2019 DNH 056, 2019 WL 1385106, at *7 (D.N.H. Mar. 27, 2019).

III. Claims Against Judge Burroughs

Again, the plaintiff has not served Judge Burroughs within 90 days as required by Federal Rule of Civil Procedure 4(m). He shall complete service and file proof within 30 days of the date of this order or the claim against Judge Burroughs will be dismissed.

## Conclusion

For the foregoing reasons, the court grants the defendants' motions to dismiss (doc. nos. 16 and 36) and denies the plaintiff's motion for judgment on the pleadings (doc. no. 23) and his motion to strike (doc. no. 28). All other pending motions are denied as moot or because they fail to state any legitimate basis for relief. The plaintiff shall complete service on Judge Burroughs and file proof within 30 days of the date of this order or the claim against Judge Burroughs will be dismissed.

SO ORDERED.

S D Elliott
Samantha D. Elliott
United States District Judge
Sitting by designation.

Dated: September 22, 2026

cc: Greenhouse Irrevotrust Ucconethreeoeight, pro se.
Counsel of record.